# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JERRY ROLLINS OGLESBY,            )
                                  )
    Plaintiff,            )
                                  )
v.                                )
                                  )    Case No. CV415-183
MAGISTRATE CHIEF JUDGE            )
MARY KATHRYN MOSS;                )
ELIZABETH HOLT,                   )
                                  )
    Defendants.           )

## REPORT AND RECOMMENDATION

Dissatisfied with a state court ruling on his housing lease, Jerry Rollins Oglesby brings this 42 U.S.C. § 1983 case against his opponent there (his landlord), as well as the judge who ruled against him. Doc. 1. Like many *pro se* plaintiffs, he seems to believe that he can "appeal" to the local federal court by alleging that judicial error in state court supports §1983 relief in federal court. *See id.*; *see also* doc. 3 at 15-16 (he also seeks a stay of that court's ruling so this Court can determine if his

landlord has "lawfully filed the process for an alleged Hold Over Eviction").[1] That belief is unfounded:

> Pursuant to the *Rooker-Feldman* doctrine, the Court is without jurisdiction over claims which essentially seek review of a state-court judgment. "The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." *McCorvey v. Weaver*, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015). Nor, under the *Rooker-Feldman* doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (quoting *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988)). A federal claim is "inextricably intertwined" with a state-court judgment if the claim would "effectively nullify" the state-court judgment or if the claim "succeeds only to the extent that the state court wrongly decided the issues before it." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332-33 (11th Cir. 2001) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000)). However, even if a claim is inextricably intertwined with the judgment in state court, "the doctrine does not apply if the plaintiff had no 'reasonable opportunity to raise his federal claim in state proceedings.'" *Id.* (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996)). "*Rooker-Feldman* applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." *Helton v. Ramsay*, 566 F.App'x 876, 877 (11th Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Put succinctly, this Court is not an

---

[1] On top of that, Oglesby moves for leave to file his case *in forma pauperis* ("IFP"), doc. 2, plus an injunction -- to stay the state judge's ruling. Doc. 3. Finding him indigent, the Court **GRANTS** plaintiff's IFP motion (doc. 2) but, as explained in the text, his case must be dismissed for lack of jurisdiction.

appeals court to which a losing or disgruntled state court party can appeal an unfavorable decision.

*Robinson v. State of Georgia, et al.*, 2015 WL 8494001 at * 5 (S.D. Ga. Dec. 10, 2015).

Oglesby's own pleadings show that he fought his landlord in state court and lost (hence, had a reasonable opportunity to raise any unfairness, Due Process claims), resulting in a final order against him. Doc. 1 at 7 ¶¶ 17-19 (noting a June 17, 2015 dispossessory proceeding judgment in favor of his landlord, then contending that it violates § 1983 because his landlord made misrepresentations to that court and the judge's ruling faces appellate reversal). Under the *Rooker/Feldman* doctrine, "a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir. 1984) (district court lacked jurisdiction to review claim that state court had denied plaintiff his right to due process); *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court."). Oglesby must exercise his rights to *state appellate court* review and proceed from there to the United States Supreme Court.

Both defendants named here figure into, and thus are rolled up within, that same proceeding. Hence, this Court is without jurisdiction.[2]

Accordingly, the Court **GRANTS** plaintiff's IFP motion (doc. 2) but his case must be **DISMISSED**. Also plaintiff's "injunction" motion (doc. 3) is **DENIED** as legally frivolous.

**SO REPORTED AND RECOMMENDED**, this _16th_ day of December, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The state judge, for that matter, is immune from suit. *Rolleston*, 848 F.2d at 165 ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.") (quotes and cite omitted); *Hagerty*, 749 F.2d at 221 (judicial immunity is an absolute defense in a suit challenging a ruling or order of a court under § 1983).